IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Law, Sr. and Betty J. Law, ) | C/A No.: 1:15-3309-JMC-SVH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| The Town of Fairfax, an Incorporated ) | |
| South Carolina Municipality; Officer ) | REPORT AND RECOMMENDATION |
| John Doe, Individually as a police ) | |
| officer for the Town of Fairfax; and ) | |
| Officer J. Singleton, Individually as a ) | |
| police officer for the Town of Fairfax, ) | |
| ) | |
| Defendants. ) | |
| ) | |

　　　　Charles Law, Sr., and Betty J. Law ("Plaintiffs") filed this civil rights action alleging claims of gross negligence, violations of Mr. Law's constitutional rights, and assault and battery.[1] They sue the Town of Fairfax ("Town"), and John Doe ("Doe") and J. Singleton ("Singleton"), individually as police officers for Town (collectively "Defendants"). This matter is before the court on Defendants' motion to dismiss. [ECF No. 4]. The motion having been fully briefed [ECF Nos. 6, 8], it is ripe for disposition.

　　　　All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for review by the district judge. For the following reasons, the undersigned recommends Defendants' motion to dismiss be denied.

---

[1] Mrs. Law sues for loss of consortium resulting from Mr. Law's claims of gross negligence and assault and battery.

I.  Factual Allegations in the Complaint

Plaintiffs' complaint contains the following factual allegations: On or about June 9, 2013, Mr. Law was lawfully driving in Town, when Doe stopped him. [ECF No. 1-1 at ¶8]. According to Doe, he observed Mr. Law "walking funny," and stopped Mr. Law because the tag on his vehicle had been used in a felony in Texas. *Id.* at ¶10. Mr. Law was allowed to drive his vehicle to the police department, where Singleton arrived on the scene. *Id.* at ¶11. Mr. Law tried unsuccessfully to convince Doe and Singleton that the matter concerning his tag was a mistake. *Id.* at ¶12. Mr. Law produced identification and "attempted to reason with the officers, all to no avail." *Id.* Doe and Singleton, "without provocation or legal justification, violently arrested, detained, and seized Mr. Law by forcefully throwing him to the ground with such force that Mr. Law's hip was knocked out of the socket and causing severe bruising and other injuries to Mr. Law." *Id.* at ¶13. Plaintiffs allege Doe and Singleton's conduct "was vicious, violent, reckless, deliberate, and intentional and was done totally in disregard for Mr. Law's constitutional rights." *Id.* at ¶32.

II. Discussion

A.  Standard on a Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178

F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

  B. Analysis

Defendants argue that Doe and Singleton are entitled to dismissal of Plaintiff's claims for assault and battery because the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq*. ("SCTCA") is the exclusive remedy for any tort committed by a governmental employee acting within the scope of his official duty, and it provides that the proper defendant is the governmental entity. [ECF No. 4 at 2–3]. In their response, Plaintiffs argue that the SCTCA contains an exception to the immunity typically enjoyed by government employees when the employees acted with intent to harm. The SCTCA provides as follows:

> (a) This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity. An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b).
>
> (b) Nothing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, *intent to harm*, or a crime involving moral turpitude.

S.C. Code Ann. § 15-78-70 (emphasis added). Plaintiffs argue that they alleged in the complaint that Doe and Singleton acted with an intent to harm. [ECF No. 6]. In their reply, Defendants do not address Plaintiff's argument. A review of Plaintiffs' complaint reveals that Plaintiffs allege that "Doe and Singleton's conduct was vicious, violent, reckless, deliberate, and intentional and done totally in disregard for Mr. Law's constitutional rights." [ECF No. 1-1 at ¶32]. The undersigned finds that Plaintiffs' complaint has sufficiently alleged that Doe and Singleton acted with an intent to harm to survive dismissal at this early stage in the litigation. Therefore, the undersigned recommends Defendants' motion to dismiss be denied.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendant's motion to dismiss [ECF No. 4] be denied.

IT IS SO RECOMMENDED.

January 8, 2016                                                Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).