IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Charles Law, Sr., and Betty J. Law, | ) | C/A No.: 1:15-3309-JMC-SVH |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | |
| The Town of Fairfax, an Incorporated South Carolina Municipality; Officer John Doe, Individually as a police officer for the Town of Fairfax; and Officer J. Singleton, Individually as a police officer for the Town of Fairfax, | ) | ORDER |
| Defendants. | ) | |

Charles Law, Sr., and Betty J. Law ("Plaintiffs") filed this civil rights action alleging claims of gross negligence, violations of Mr. Law's constitutional rights, and assault and battery.[1] They sue the Town of Fairfax ("Town"), and John Doe ("Doe") and J. Singleton ("Singleton"), individually as police officers for Town (collectively "Defendants"). This matter comes before the court on the motion of Glenn Walters, Sr., Esq., and Michael R. Culler, Esq., to be relieved as counsel for Plaintiffs.[2] [ECF No.

---

[1] Mrs. Law sues for loss of consortium resulting from Mr. Law's claims of gross negligence and assault and battery.

[2] On June 30, 2017, Plaintiff's counsel filed a motion that noted that Mrs. Law was deceased and that Mr. Law is the personal representative for her estate. [ECF No. 36]. Mr. Law has been advised that he cannot represent the interest of Mrs. Law's estate pro se and if no one files a notice of substitution, the claims of Mrs. Law will be dismissed. [ECF No. 39].

41].[3]

On July 12, 2017, the undersigned held a telephonic status conference with all counsel and Mr. Law, during which Plaintiff indicated he planned to obtain new counsel. [ECF No. 42]. The court directed Plaintiff that any substitute counsel should make a notice of appearance by August 2, 2017. *Id*. The court also extended the scheduling order as reflected in the undersigned's Fifth Amended and Final Scheduling Order, but advised the parties that no further extensions would be granted. [ECF No. 43].

No substitute counsel has appeared for Mr. Law, and he has not objected to the motion to withdraw. The court grants Plaintiff's counsel's motion to withdraw. [ECF No. 41]. Mr. Law is specifically advised that the court expects this litigation to be conducted in accordance with all provisions of the Federal Rules of Civil Procedure and that the court is unable to provide him with legal advice. Failure to comply with court rules could have serious consequences including, but not limited to, striking his claims and dismissing the case against Defendants.

IT IS SO ORDERED.

August 7, 2017
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

---

[3] Plaintiff's counsel previously filed a motion to withdraw [ECF No. 36] that the undersigned denied without prejudice for failure to comply with Local Civ. R. 83.I.07 (D.S.C.) [ECF No. 38].